

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD36481
)
DEBRA KAY BAUMGARTNER, ) **Filed:  September 24, 2020**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Colin P. Long, Special Judge

**<u>AFFIRMED</u>**

Debra Kay Baumgartner ("Appellant") appeals her convictions after a bench trial for four counts of stealing, a violation of section 570.030.[1]  Appellant contests the sufficiency of the evidence to support her convictions.  We reject her claims and affirm the judgment.

When reviewing the sufficiency of the evidence from a bench-tried case, we accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict.  ***State v. Shaw***, 592 S.W.3d 354, 357 (Mo. banc 2019).  All

---

[1] All references to statutes are to RSMo 2016, unless otherwise specified.

1

contrary evidence and inferences are ignored. *Id.* "Evidence is sufficient to support a conviction when there is sufficient evidence from which a reasonable fact-finder might have found the defendant guilty beyond a reasonable doubt." *Id.* (internal quotations and citation omitted). With that standard of review in mind we look to the elements of stealing.

A person commits the offense of stealing if she, "[f]or the purpose of depriving the owner of a lawful interest therein, . . . disposes of property of another knowing that it has been stolen, or believing that it has been stolen." Section 570.030.1(3). "Proof of the offense may be based upon circumstantial evidence[,]" which is afforded the same weight as direct evidence upon appellate review. *State v. Middlemist*, 319 S.W.3d 531, 534 (Mo.App. S.D.2010); *State v. Williams*, 455 S.W.3d 1, 8 (Mo.App. S.D. 2013).

The substantive evidence supporting the convictions includes that, at the time of the robbery, four guns, which belonged to Appellant's brother-in-law, were stolen and subsequently hidden in a shed. Additionally, jewelry, two-dollar bills, and coins were stolen. The police found the guns, jewelry and other coins in that shed. Appellant was found to have a two-dollar bill on her person when searched by a deputy;[2] she initially denied any knowledge of a robbery and claimed that her son had given her the items in her possession. Subsequently, after her son implicated her, Appellant admitted to the police that she had accompanied her son to the property where the stolen guns had been hidden in a shed. Appellant also admitted to pawning certain items of jewelry that had been stolen. The circumstantial evidence of Appellant being in possession of some of the property stolen in the robbery at issue and the admissions by Appellant that she pawned

---

[2] The deputy also testified that Appellant consented to a search of her vehicle wherein he located an additional coin and some other $2 bills.

some of the jewelry, as well as accompanying her son to the hidden property, provide sufficient evidence that a reasonable fact-finder might have found Appellant guilty beyond a reasonable doubt of disposing of the property of the owner knowing that it had been stolen or believing that it had been stolen.

The judgment is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs